Christopher D. Moon (SBN 246622)
Kevin O. Moon (SBN 246792)
**MOON LAW APC**
600 W. Broadway, Suite 700
San Diego, CA 92101
Tel: (619) 915-9432
Fax: (650) 618-0478
chris@moonlawapc.com
kevin@moonlawapc.com

Simon Bahne Paris
Patrick Howard
**SALTZ, MONGELUZZI,
& BENDESKY, P.C.**
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 575-3985
Facsimile: (215) 496-0999
Email: sparis@smbb.com
        phoward@smbb.com

*(Additional counsel listed on signature page)*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

MARC GUISINGER,
individually and on behalf of all others
similarly situated,

*Plaintiff,*

v.

KEYSTONE RV COMPANY,

*Defendant.*

Case No.

**<u>CLASS ACTION COMPLAINT</u>**

**JURY TRIAL DEMANDED**

CLASS ACTION COMPLAINT

Plaintiff, Marc Guisinger, by and through his undersigned counsel, individually and on behalf of all others similarly situated, against Defendant, Keystone RV Corporation ("Keystone"), seeks damages, equitable and/or declaratory relief. Plaintiff's allegations are based upon personal knowledge and experience, and upon information and belief, including an investigation conducted by the undersigned attorneys. Plaintiff alleges:

## <u>NATURE OF THE ACTION</u>

1.      This is a straightforward false advertising case.

2.      Defendant Keystone manufactures camping trailers, also known as towable recreational vehicles ("RVs"). Keystone claims to be the number one manufacturer of towable RVs in North America with more than a million owners.

3.      One popular line of towable RVs manufactured by Keystone is the "Passport Ultra Lite" RV trailers ("Trailers"). Keystone's marketing and advertising claim that the Trailers use five-inch steel rafters or trusses[1] in the Trailers' roofs.

4.      This is of particular importance because galvanized steel rafters offer better durability and rigidity over the life of the trailer when compared to other materials, such as wood, which can rot and is less durable.

5.      After Plaintiff, Marc Guisinger, purchased a Trailer and then later sought to install solar panels on its roof, he was informed that, contrary to the affirmative advertisements by Keystone, his Trailer's trusses were made from wood, not galvanized steel as advertised. Because wood is not as strong and durable as galvanized steel, Plaintiff was unable to install solar panels, as desired.

6.      But for Keystone's false advertising, Plaintiff and the putative Class would not have purchased a Trailer from Keystone, or otherwise would have paid less for the Trailer.

---

[1] "Rafters" and "trusses" are used interchangeably throughout the Complaint.

CLASS ACTION COMPLAINT                    1

7.      As a result of Keystone's false advertising, Plaintiff and the putative Class have been damaged in that they did not receive the benefit of their bargain.

8.      Plaintiff therefore brings this action, on behalf of himself and all others similarly situated, for violations of California's Unfair Competition Law, the California Consumers Legal Remedies Act, California False Advertising Law, and unjust enrichment.

## JURISDICTION

9.      This Court has jurisdiction over this litigation pursuant to 28 U.S.C. § 1332(d), as the matter is brought as a class action under Rule 23 of the Federal Rules of Civil Procedure, and the sum of the amount in controversy exceeds $5,000,000. The requirement of minimal diversity is met as the dispute is between citizens of different states. *See* 28 U.S.C. § 1332(d)(2)(A).

10.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the causes of action for Plaintiff and the putative Class arose in California, and the Defendant regularly transacts business in this District and within California.

## PARTIES

**Plaintiff:**

11.      Plaintiff, Marc Guisinger, is a natural person and a citizen of the State of New Mexico. Plaintiff purchased a new 2017 Keystone Passport 199 MLWE Ultra Lite Grand Touring Travel Trailers from Trailer Hitch RV Center, in Nipomo, San Luis Obispo County, California on May 18, 2017. The trailer's VIN number is 4YDT19923HX415851.

**Defendant:**

Defendant, Keystone RV Company, is a corporation incorporated pursuant to the laws of the State of Indiana with its principal place of business located at 2642 Hackberry Drive, Goshen, Indiana.

///

CLASS ACTION COMPLAINT                    2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FACTUAL ALLEGATIONS

### A. Keystone Misrepresents Its Use of Steel Trusses

12.    Keystone manufactures and sells a variety of recreational vehicles and trailers, including the Trailers.

13.    As relevant here, Keystone advertises and markets the Trailers as using five-inch galvanized steel rafters or trusses in the Trailers' roofs.

14.    For example, Keystone's marketing brochure for the Trailers includes a cut-away illustration and detailed legend describing the "5 [inch] Crowned/Stamped Galvanized Steel Roof Trusses" used in the Trailers:



///

15.     Similarly, in video advertisements, Keystone touts the Trailers' use of "five-inch galvanized steel rafters, which are 200% stronger than the five-inch aluminum rafters that many other coaches use, and they don't sweat or condensate."[2]  The image below is from a video advertisement that shows the purported steel rafter.



16.     In addition, Keystone's official website, www.keystonerv.com, advertised the Trailers as using "Stamped galvanized 5" thick crowned rafters."

17.     Consumers desire trailers that use galvanized steel rafters because they provide better durability and rigidity over the life of the trailer when compared to other materials, such as wood, which can rot and is less durable.

18.     Unfortunately, contrary to Defendant's advertising and marketing, the Trailers do not use five-inch galvanized steel rafters; rather, they use cheaper and less desirable wood rafters.

19.     Prior to purchasing his Trailer, Plaintiff spent six months researching trailers and visiting different dealerships before eventually purchasing his Trailer.

---

[2] *See* https://youtube.com/lSRjEWqsdrg; https://www.youtube.com/watch?v=dks-MpwahUQ.

20.    Prior to purchasing his Trailer, when Plaintiff visited the Keystone dealership, Trailer Hitch RV Center, he was provided with a marketing brochure that advertised the Trailer as using galvanized steel rafters. On information and belief, all Keystone dealerships provide prospective purchasers of the Trailers with similar marketing brochures that advertise and represent the Trailers as using steel rafters.

21.    Plaintiff specifically purchased the Trailer because, based on Defendant's advertising and marketing, including Keystone's marketing brochure, Keystone's website, and conversations with a Keystone dealership employee, he believed the Trailer used galvanized steel rafters, which would provide a more secure foundation for mounting multiple solar panels, as well as provide greater rigidity and durability than wood rafters.

22.    In preparation to install solar panels, in late January/early February 2022, Plaintiff called Keystone to request blueprints for the roof's structural frame and the placement of trusses. Plaintiff was told that Keystone would not provide the blueprints, and that Plaintiff should contact his dealership.

23.    Plaintiff then contacted a local Keystone dealer and asked for the blueprints as well as confirmation that his Passport Trailer used steel rafters. Despite the clear representations to the contrary, the Keystone dealer, after contacting a Keystone company technician/engineer, stated that the Passport Trailers did ***not*** use steel rafters and never, in fact, did.

24.    Thereafter, Plaintiff removed the bezel from one of the ceiling vents in his Trailer, removed the insulation, and confirmed that wood—not steel—rafters were used in the roof of his Trailer.

///

///

///

CLASS ACTION COMPLAINT                    5

1

**Photographs of the Wooden Trusses Used in Plaintiff's Trailer**

2



3

4

5

6

7

8

9

10

11

12

13



14

15

16

17

18

19

20

21

22

23

24

25

26    25.    On December 5, 2022, Plaintiff was advised by a Keystone dealer that

27 "[a]fter review, [his Trailer] has a non-walkable roof" and that adding solar panels "is a

28 modification to the [Trailer] that [it] would not advise upon."

CLASS ACTION COMPLAINT                    6

26.    Keystone's blatant misrepresentation that the Trailers use steel rafters is material to reasonable consumers, including Plaintiff, who relied on the misrepresentation in deciding to purchase the Trailers.

27.    Absent Keystone's affirmative misrepresentation that the Trailers used steel rafters, Plaintiff and reasonable consumers would not have purchased the Trailers or would have paid considerably less for them.

28.    Based on Keystone's material misrepresentation, reasonable consumers, including Plaintiff, purchased the Trailers to their detriment. Accordingly, Plaintiff and reasonable consumers were injured by Keystone's material misrepresentation that the Trailers used steel rafters.

## B.    Tolling of the Statute of Limitations

29.    Plaintiff and Class members had no way of knowing about Keystone's deception concerning the Trailers' roof trusses, which are not visible unless portions of the Trailer are removed, as described above.

30.    Within the time period of any applicable statutes of limitation, Plaintiff and the Class members could not have discovered through the exercise of reasonable diligence that Keystone concealed its use of wood trusses in its Trailers instead of steel trusses as affirmatively represented and advertised.

31.    Plaintiff and Class member did not discover, and did not know of, facts that would have caused a reasonable person to suspect that Keystone concealed information about the wood trusses in the Trailers, which was only discovered by Plaintiff after he was informed by a dealership, and then removed the bezel and insulation from the ceiling of his Trailer (which was affirmatively advertised as having steel trusses) and discovered the wood trusses.

32.    For these reasons, all applicable statutes of limitations have been tolled by operation of the discovery rule with respect to claims as to the Trailers.

**C. Fraudulent Concealment Tolling**

33.    All applicable statutes of limitations have also been tolled by Keystone's knowing and active fraudulent concealment of the facts alleged herein throughout the time period relevant to this action.

34.    Keystone fraudulently concealed the fact that it was using wood, as opposed to the advertised steel, for the trusses in its Trailers.

**D. Estoppel**

35.    Keystone was under a continuous duty to disclose to Plaintiff and Class members the true character of the Class Trailers' use of wood, as opposed to the advertised steel, for the roofs' trusses.

36.    Based on the foregoing, Keystone is estopped from relying on any statutes of limitations in defense of this action.

## CLASS ACTION ALLEGATIONS

37.    Plaintiff brings his claims as class claims pursuant to Fed. R. Civ. P. 23.  The requirements of Fed. R. Civ. P. 23(a), and (b)(3) are met with respect to the Class defined below.

38.    Plaintiff proposes a Class defined as follows:

> All persons who purchased a Keystone Trailer in the State of California advertised as having five-inch galvanized steel rafters or trusses in the Trailers' roofs.

39.    Excluded from the Class are Defendant Keystone and any entities in which Defendant has a controlling interest, any of Defendant's parents, subsidiaries, affiliates, officers, directors, employees and members of such person's immediate families, the presiding judge(s) in this case and his/her immediate family.

40.    <u>Numerosity</u>:  Plaintiff believes, and therefore avers, that Keystone has sold hundreds, if not thousands, of Keystone Trailers in California. Accordingly, individual

joinder of all the Class members is impracticable. The Class is readily identifiable using vehicle registration documents and Keystone's customer information.

41.    <u>Commonality and Predominance</u>:  Questions of law and fact are common to Plaintiff, and the Class, and they predominate over questions affecting only individual members.  Common questions include:

(a)    Whether Keystone affirmatively misrepresents that it uses steel, as opposed to wood, for the Trailers' trusses;

(b)    Whether there is a material difference between the use of wood versus steel for the Trailers' trusses;

(c)    Whether Plaintiff and the Class paid more for the Trailers than they otherwise would have had Keystone disclosed the trusses were made from wood as opposed to steel; and

(d)    Whether Plaintiff and the Class are entitled to damages.

42.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class described above, and they arise from the same course of conduct by Keystone. The relief Plaintiff seeks is typical of the relief sought for the absent Class members.

43.    <u>Adequacy</u>:  Plaintiff will fairly and adequately represent and protect the interests of all absent Class members.  Plaintiff is represented by counsel competent and experienced in class action litigation.

44.    <u>Superiority</u>:  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation.  Moreover, absent a class action, most Class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

45.    The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Keystone.  In contrast, the conduct of this action as a class action

presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of California Unfair Competition Law**
**(Cal. Bus. & Prof. Code § 17200, *et seq.*)**
**On Behalf of the Class**

46.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

47.     Plaintiff brings this cause of action on behalf of himself, and on behalf of the other Class members, against Keystone for its unlawful, unfair, and/or deceptive business acts and practices pursuant to California's Unfair Competition Law (UCL), Business & Professions Code § 17200 *et seq.*, which prohibits unlawful, unfair and/or fraudulent business acts and/or practices.

48.     This claim is predicated on the duty to refrain from unlawful, unfair and deceptive business practices.  Plaintiff and the Class members hereby seek to enforce a general proscription of unfair business practices and the requirement to refrain from deceptive conduct.

49.     The UCL prohibits acts of "unfair competition." Cal. Bus. & Prof. Code § 17200.  As used in this section, "unfair competition" encompasses any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *Id.*

50.     Keystone engaged in unfair, deceptive and/or misleading advertising in violation of the UCL.

51.    Keystone affirmatively misrepresents the Trailers use steel rafters.[3]    In reality, Keystone uses wood, not steel, for the rafters in its Trailers.

52.    Keystone should be enjoined from any further advertising of these Trailers as containing steel trusses.  Plaintiff might purchase a Trailer in the future, despite the fact it was once marred by false advertising, as he may reasonably, but incorrectly, assume the Trailer was improved—that is, used steel trusses.

53.    Keystone should also be required to issue corrective statements advising Trailer owners that the trusses are made of wood, not steel, and Keystone should be disgorged of all monies and revenues generated as a result of such practices, and all other monies and revenues generated as a result of this false advertising, and all other relief allowed under the California Business & Professions Code § 17200.

## SECOND CAUSE OF ACTION
### Violation of California Consumers Legal Remedies Act ("CLRA")
### Cal. Civ. Code § 1750, *et seq*.
### On Behalf of the Class

54.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

55.    Keystone is a person as defined by California Civil Code § 1761(c).

56.    Plaintiff and the Class members are "consumers" as defined in California Civil Code § 1761(d).

57.    Keystone engaged in unfair and deceptive acts in violation of the CLRA through the practices described herein, and by intentionally and knowingly misrepresenting

---

[3]  *See, e.g.,* https://youtube.com/lSRjEWqsdrg; https://www.youtube.com/watch?v=dks-MpwahUQ (advertising that the Trailers use "five-inch galvanized steel rafters, which are 200% stronger than the five-inch aluminum rafters that many other coaches use, and they don't sweat or condensate.")

the nature of the material used for the trusses in the Trailers. This conduct violates, at a minimum, the following sections of the CLRA:

- Representing that the Trailers have (i) "characteristics . . . [or] benefits, which [they do] not have" (1770(a)(5));

- Representing that the Trailers are of "a particular standard, quality, or grade," when they are of another (1770(a)(7)); and

- "Advertising goods . . . with the intent not to sell them as advertised" (1770(a)(9)).

58.   Keystone's unfair and deceptive acts or practices occurred repeatedly in Keystone's trade or business and were capable of deceiving a substantial portion of the purchasing public.

59.   On December 8, 2022—more than 30 days before the filing of this action—on behalf of Plaintiff, undersigned counsel served Keystone with a notice of its violations of the CLRA pursuant to California Civil Code § 1782 regarding the Trailers. *See* Exhibit A. Keystone did not respond.

60.   Plaintiff's and the Class members' injuries were proximately caused by Keystone's fraudulent and deceptive business practices.

61.   Plaintiff and the Class members seek all relief available under the CLRA.

**THIRD CAUSE OF ACTION**
**Violation of California False Advertising Law**
**Cal. Bus. & Prof. Code § 17500, *et seq*.**
**On Behalf of the Class**

62.   Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

63.   California Business & Professions Code § 17500, prohibits "unfair, deceptive, untrue or misleading advertising."

64.   Keystone violated § 17500 by representing, through false and misleading advertising, and through other express representations, that the Trailers use galvanized steel rafters.

65.   Plaintiff and Class members have suffered injury in fact, including the loss of money or property, as a result of Keystone's unfair, unlawful, and/or deceptive practices. Plaintiff and the Class members relied on Keystone's misrepresentations with respect to the use of steel for the Trailers' trusses.  Had Plaintiff and the Class members known this, they would not have purchased the Trailers or would have paid much less for them. Accordingly, Plaintiff and the Class overpaid for their Trailers and did not receive the benefit of the bargain.

66.   All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Keystone's business.  Keystone's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated throughout the State of California.

67.   Plaintiff and the Class request that the Court enter such orders or judgments as necessary to enjoin Keystone from continuing its unfair, unlawful, and/or deceptive practices and to restore Plaintiff and Class members any money Keystone acquired by unfair competition including restitution and/or restitutionary disgorgement, and for all such other relief as permitted by law.

## FOURTH CAUSE OF ACTION
### Unjust Enrichment
### On Behalf of the Class

68.   Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

69.   Plaintiff and the Class have conferred a benefit upon Keystone in the form of money paid for the Trailers.

70.     Keystone appreciates and/or has knowledge of the benefits conferred on it by Plaintiff and the Class.

71.     Under principles of equity and good conscience, Keystone should not be permitted to retain the money obtained from Plaintiff and the Class, which Keystone had unjustly obtained as a result of its unlawful conduct in violation of law. Keystone should not be permitted to retain the ill-gotten gains it received.

72.     Accordingly, Plaintiff and the Class seek full disgorgement and restitution of any money Keystone received as a result of the unlawful and/or wrongful conduct alleged herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf all others similarly situated, respectfully request that this Court enter judgment against Keystone and in favor of Plaintiff, and grant the following relief:

A.     Determine that this action may be maintained as a Class action with respect to the Class identified herein; certify a class action pursuant to Rule 23 (b)(2) and (3) and designate and appoint the named Plaintiff herein and his counsel to serve as Class Representatives and Class Counsel;

B.     Damages, including actual, compensatory, general, special, incidental, statutory, punitive, and consequential damages and disgorgement in an amount to be determined at trial;

C.     An order enjoining Defendant from continuing the challenged conduct;

D.     Grant Plaintiff and the Class members their costs of suit, including reasonable attorneys' fees and expenses, as provided by law;

E.     Awarding pre- and post-judgment interest, to the extent allowed by law; and

F.     Grant Plaintiff and the members of the Class such other, further, and different relief as the nature of the case may require or as may be determined to be just,

equitable, and proper by this Court.

## JURY TRIAL DEMAND

Plaintiff, by his counsel, request a trial by jury on those causes of actions set forth herein.

Date:  February 23, 2023                By: /s/ Christopher D. Moon

Christopher D. Moon (SBN 246622)
Kevin O. Moon (SBN 246792)
**MOON LAW APC**
600 W. Broadway, Suite 700
San Diego, CA 92101
Tel: (619) 915-9432
Fax: (650) 618-0478
chris@moonlawapc.com
kevin@moonlawapc.com

Simon Bahne Paris
Patrick Howard
**SALTZ, MONGELUZZI,**
**& BENDESKY, P.C.**
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
Tel: (215) 575-3986
sparis@smbb.com
phoward@smbb.com

Daniel E. Gustafson
Karla M. Gluek
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza 120 South Sixth
Street, Suite 2600
Minneapolis, Minnesota 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
kgluek@gustafsongluek.com

*Counsel for Plaintiffs and the Proposed*
*Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

MARC GUISINGER, individually and
on behalf of all other similarly situated,

       Plaintiff,

     v.

KEYSTONE RV COMPANY,

       Defendant.

**CONSUMER LEGAL REMEDIES ACT
VENUE AFFIDAVIT OF PLAINTIFF**

I, Marc Guisinger, hereby declare and state as follows:

1.    I am over the age of 18 and a Plaintiff in this action.   The facts contained in this declaration are based on my personal knowledge and information that I have gathered and is available to me, and if called upon to do so, I would testify to the matters stated herein.

2.    I make this affidavit as required by California Civil Code § 1780(d).

3.    The complaint in this action is filed in the proper place for trial of this action because defendant Keystone RV Company, does business within the Central District of California, and because substantial portion of the events, acts and omissions that are subject to my claims in this matter occurred within the Central District of California, in Nipomo, San Luis Obispo County.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on the 23rd day of February, 2023

CLRA Venue Affidavit of Plaintiff

1

2    _____
     Marc Guisinger

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

CLRA Venue Affidavit of Plaintiff

# EXHIBIT A



Delaware County Office
20 West Third Street
P.O. Box 1670
Media, PA 19063
Voice 610.627.9777
Fax 610.627.9787

One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
Voice 215.496.8282
Fax 215.496.0999

New Jersey Office
8000 Sagemore Drive
Suite 8303
Marlton, NJ 08053
Voice 856.751.8383
Fax 856.751.0868

Montgomery County Office
120 Gibraltar Road
Suite 218
Horsham, PA 19044
Voice 215.496.8282
Fax 215.754.4443

Simon B. Paris
Direct Dial 215-575-3986
sparis@smbb.com

December 7, 2022

***Via Overnight Federal Express, Signature Required***

Matt Zimmerman, CEO
2624 Hackberry Drive
P.O. Box 2000
Goshen, IN 46527-2000

    ***Re:***     ***Demand Letter Pursuant to California Civil Code §§ 1750, et seq.***

Dear Mr. Zimmerman,

Pursuant to California Civil Code section 1782 (a)(1), we write to notify Keystone RV Company ("Defendant") that Defendant has violated, and continues to violate, the California Consumers Legal Remedies Act (Cal. Civ. Code §1750, et seq.). Pursuant to § 1782, Defendant has 30 days to rectify the violations, as discussed below, or we intend to file a class-action lawsuit.

## **Background**

Defendant manufactures and sells a variety of recreational vehicles and trailers, including the Passport line of travel trailers ("Passport Trailers"). As relevant here, Defendant advertises and markets the Passport Trailers as using five-inch galvanized steel rafters or trusses in the Trailers' roofs. For example, the following marketing brochure for the Passport Trailers includes a cut-away illustration and detailed legend describing the "5 [inch] Crowned/Stamped Galvanized Steel Roof Trusses" used in the Trailers:



Similarly, in several video advertisements, Defendant touts the Passport Trailers' use of "five-inch galvanized steel rafters, which are 200% stronger than the five-inch aluminum rafters that many other coaches use, and they don't sweat or condensate."[1]

Consumers desire trailers that use galvanized steel rafters because they provide better durability and rigidity over the life of the trailer when compared to other materials, such as wood, which can rot and is less durable. Unfortunately, contrary to Defendant's advertising and marketing, the Passport Trailers do not use five-inch galvanized steel rafters; rather, they use cheaper and less desirable wood rafters.

Consequently, our client, Marc Guisinger ("Plaintiff"), and similarly situated consumers, have been injured and suffered damages by purchasing the Passport Trailers.

---

[1] *See* https://youtu.be/lSRjEWqsdrg; *see also* https://www.youtube.com/watch?v=dks-MpwahUQ.

Indeed, Plaintiff spent six months researching trailers and visiting different dealerships before eventually purchasing a brand new 2017 Keystone Passport 199MLWE Ultra Lite Grand Touring Travel Trailer.  Plaintiff specifically purchased the Passport Trailer because, based on Defendant's advertising and marketing, he believed it used galvanized steel rafters, which would provide a more secure foundation for mounting multiple solar panels, as well as provide greater rigidity and durability than wood rafters.

Prior to installing solar panels on the roof of his Trailer, Plaintiff spoke with a local Keystone dealer and asked that individual to confirm that his Passport Trailer used steel rafters.  The Keystone dealer contacted a Keystone company technician/engineer, who stated that the Passport Trailers did ***not*** use steel rafters and never in fact did. Plaintiff then removed the bezel from one of the ceiling vents in his Passport Trailer and confirmed wood—not steel—rafters were used in the roof of his Trailer.

## Violation of California Consumer Protection Statutes

Defendant has violated, and continues to violate, the CLRA and California law. Specifically, in connection with the advertising and marketing of the Passport Trailers, Defendant has violated the following subdivisions of California Civil Code section 1770(a):

- Representing that the Passport Trailers have (i) "characteristics . . . [or] benefits, which [they do] not have" (1770(a)(5));

- Representing that the Passport Trailers are of "a particular standard, quality, or grade," when they are of another (1770(a)(7)); and

- "Advertising goods . . . with the intent not to sell them as advertised" (1770(a)(9)).

In addition, Defendant's conduct violates California Business & Professions Code section 17500, which prohibits "unfair, deceptive, untrue or misleading advertising." Defendant violates section 17500 by representing, through false and misleading advertising, and through other express representations, that the Passport Trailers use galvanized steel rafters.  As described above, these statements are false and misleading.

Defendant's conduct also violates California Business & Professions Code section 17200, *et seq.*  Among other things, Defendant's conduct constitutes an unfair or fraudulent business practice. Defendant makes material false representations to consumers concerning its Passport Trailers that are likely to deceive consumers into purchasing the Passport Trailers on the mistaken belief that the Trailers used galvanized steel rafters. Consumers have been directly injured by Defendant's conduct in that they would not have purchased

the Passport Trailers, or would have purchased them on different terms, had they known the truth about the Passport Trailers.

## How to Resolve These Matters

Defendant has thirty (30) days from the date on which this notice is served to correct, repair, replace, or otherwise rectify the aforementioned violations. Plaintiff demands that Defendant immediately cease the unlawful business practices described herein, disgorge the profits derived from these unlawful business practices and false advertising, and make restitution to our client and all similarly situated consumers of the Passport Trailers, without limitation.

In addition, Plaintiff requests that Defendant allow us to verify, by depositions or other methods, how many consumers were affected by Defendant's improper conduct, that Defendant has implemented any resolution we reach, and that Defendant has implemented procedures to prevent the improper conduct from reoccurring.

Furthermore, on behalf of Plaintiff and similarly situated consumers, we request that Defendant institute a recall program, to be approved and supervised by us, as counsel to Plaintiff and a putative class of similarly situated consumers, of all Passport Trailers that do not use galvanized steel rafters.

## Preservation Request

This letter also constitutes notice to Defendant that it is not to destroy, conceal or alter in any manner whatsoever any evidence, documents, merchandise, information, paper or electronic data and/or other tangible items or property potentially discoverable in the above-referenced matter, including but not limited to documents that relate to the following:

1. The construction of and materials used in the Passport Trailers;

2. Any and all marketing and advertising of the Passport Trailers;

3. All communications with any U.S. administrative entity, or complaints by any private person or entity concerning the construction of and materials used in the Passport Trailers; and

4. All communications with any U.S. administrative entity, or complaints by any private person or entity concerning the advertising and marketing of the Passport Trailers.

Matt Zimmerman, CEO
December 7, 2022
Page | **5**

     If you contend that any of the facts contained in this letter are inaccurate in any respect, please provide us with all of your facts, contentions, and supporting documents as quickly as possible, but in no event later than thirty (30) days from the date of your receipt of this letter. We are available if you want to discuss the issues raised in this letter.

              Respectfully,

              */s/ Simon B. Paris*

              Simon B. Paris
              SALTZ MONGELUZZI & BENDESKY, PC



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

December 12, 2022

Dear Customer,

The following is the proof-of-delivery for tracking number: 770706743244

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Receptionist/Front Desk |
| Signed for by: | R.FRY | Delivery Location: | 2624 HACKBERRY DR |
| Service type: | FedEx Priority Overnight | | |
| Special Handling: | Deliver Weekday; Direct Signature Required | | GOSHEN, IN, 46527 |
| | | Delivery date: | Dec 8, 2022 10:01 |

---

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 770706743244 | Ship Date: | Dec 7, 2022 |
| | | Weight: | 0.5 LB/0.23 KG |

**Recipient:**
Matt Zimmerman, CEO,
2624 Hackberry Drive
GOSHEN, IN, US, 46527

**Shipper:**
Simon Paris, Esq., Saltz Mongeluzzi & Bendesky
120 Gibraltar Road
Suite 218
Horsham, PA, US, 19044

**Reference**          Keystone RV

