**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Jahmy S. Graham (SBN 300880)
jahmy.graham@nelsonmullins.com
Michael E. Seager (SBN 354564)
michael.seager@nelsonmullins.com
Two California Plaza
350 South Grand Avenue, Suite 2200
Los Angeles, CA 90071
Telephone:   424.221.7470
Facsimile:   279.202.2017

Attorneys for Defendant
KEYSTONE RV COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC GUISINGER, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>KEYSTONE RV COMPANY,<br><br>                              Defendant. | Case No. **2:23-cv-01393-MWC-RAO**<br><br>~~**[PROPOSED]**~~ **STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Michelle Williams Court<br><br>Complaint Filed: February 23, 2023<br>Trial Date: February 9, 2026 |

[PROPOSED] STIPULATED PROTECTIVE ORDER

## [PROPOSED] STIPULATED CONFIDENTIALITY ORDER

1.  **PURPOSES AND LIMITATIONS:** Discovery in this action involves production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The parties further acknowledge, as set forth in Section 9, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.  **GOOD CAUSE STATEMENT**: This action involves trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties, including personally identifiable information of absent putative class members), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality

of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.   Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" or "Highly Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 79-5. Any party to this litigation or non-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

4.   All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall

not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, but will not provide the Confidential material to the client except by prior written agreement of counsel for the parties, or by Order of the Court.

5.   Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a)   Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action) and relevant in-house counsel for the parties;

(b)   Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(c)   Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d)   The Court and court personnel;

(e)   Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document

3

or thing, or if the producing party consents to such disclosure;

(f)  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, videographers, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(g)  The parties. In the case of parties that are corporations or other entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit or are persons necessary for the prosecution or defense of this lawsuit;

(h)  The trier of fact; and

(i)  Any mediator, special master or other third parties (collectively, "Mediators") appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their staff.

6.  Confidential material shall be used only by individuals permitted access to it under Paragraph 5. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality consents in advance, which consent cannot be unreasonably withheld, or (b) the Court orders such disclosure.

7.  With respect to any depositions that involve a disclosure of Confidential material of a party or non-party, such party or non-party shall designate the transcript

as containing Confidential material during the deposition, or within 5 days thereafter, and may have until thirty (30) days after receipt of the deposition transcript within which to specifically inform all other parties or non-parties of which portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5 (a), (b), (c), (d) and (f), and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5 (a), (b), (c), (d) and (f), during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5 and 6. If no portion of the deposition transcript is designated as Confidential within 60 days of the deposition, or the end of fact discovery, whichever comes first, confidentiality is waived as to the deposition transcript.

8.   If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)   Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within 7 days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or

5

nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute within 10 days of receiving the designating party or non-party's response to the objection.

(b)    If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Rule 37.1, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9.   In the event that any receiving party desires that any Confidential materials be included with, or the contents thereof be in any way disclosed, in any hearing, pleading, motion or other paper filed with the Clerk of this Court, in connection with a motion or otherwise, documents, depositions or other discovery materials that have been marked "CONFIDENTIAL" or to file any document which quotes or substantially summarizes the substance of such Confidential material, shall do so by complying with Local Rule 79-5. Confidential material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential material at issue. If a party's request to file Confidential material under seal is denied by the Court, then the receiving party may file the information in the public record unless otherwise instructed by the Court.

10. Data Breach. If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

11. The inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Confidential under this Confidentiality Order. Nothing in this paragraph precludes the receiving party from challenging the Confidential designation as set forth in this Agreement.

12. The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege, work-product protection, or other applicable privilege or immunity, that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege, work-product protection, or other applicable privilege or immunity, is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

13. A Producing Party must notify the party receiving the privileged or protected information ("the Receiving Party"), in writing, within 30 days of discovery of the disclosure by the Producing Party or within 30 days of use by the Receiving Party, that it has disclosed that privileged or protected information without intending

a waiver by the disclosure. Failure of the producing party to take action within a reasonable time will be deemed a waiver of the applicable privilege. Such notification shall not waive the Receiving Party's ability to subsequently contest any assertion of privilege or protection with respect to the identified discovery material. Upon receipt of notification, the Receiving Party shall take all reasonable steps to destroy or return all copies, electronic or otherwise, of such document or other information. The Receiving Party is not required to return, sequester, or destroy any discovery item claimed to be Privileged Material if the Receiving Party intends to move the Court for a ruling that the document was never privileged or protected, unless and until the Court determines the document is privileged or protected. That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege, work-product protection, or other applicable privilege or immunity, after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or immunity.

14. If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose any Confidential material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the

demand shall not oppose or otherwise interfere with the designating party's actions.

15. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Confidentiality Order.

16. This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

17. This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

18. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material or to destroy all copies of such material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Confidentiality Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

19. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulated Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Stipulated Protective Order, or in the event that the Court enters a different Protective Order or no Protective Order at all, the Parties agree to be bound by this Stipulated Protective Order until such time as the Court may enter such a different Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 25, 2025                    Dated: February 25, 2025


 /s/ Jahmy S. Graham                         /s/ Simon B. Paris
Jahmy S. Graham                             Simon B. Paris (*pro hac vice*)
Michael Seager                              Patrick Howard (*pro hac vice*)
**NELSON MULLINS RILEY &**                   **SALTZ MONGELUZZI &**
**SCARBOROUGH LLP**                          **BENDESKY, PC**
350 South Grand Avenue,                     One Liberty Place
Suite 2200                                  1650 Market Street, 52nd Floor
Los Angeles, CA  90071                      Philadelphia, PA  19103
Tel:  (424) 221-7426                        Tel:  (215) 575-3986
jahmy.graham@nelsonmullins.com              sparis@smbb.com
michael.seager@nelsonmullins.com            phoward@smbb.com

*Attorneys for Defendant Keystone*          *Attorneys for Plaintiff and the*
*RV Company*                                *Proposed Class*


IT IS SO ORDERED.


Dated:   2/25/2025        , 2025      _Rozella a. Oli_

                                     HON. ROZELLA A. OLIVER
                                     United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER

### EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____[print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [_____] in the case of *Guisinger, et al*. v. Keystone RV Company, case number 2:23-cv-01393-MWC-RAO. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER