**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARC GUISINGER, *individually and on behalf of all others similarly situated,* <br><br>          Plaintiff, <br> vs. <br><br> KEYSTONE RV COMPANY, <br><br>          Defendant. | Case No. 2:23-cv-01393-MWC-RAO <br><br> **JUDGMENT PURSUANT TO FED. R. CIV. P. 68  [JS-6]** |

**WHEREAS**, on June 1, 2026, Defendant Keystone RV Company ("Keystone"), pursuant to Rule 68 of the Federal Rules of Civil Procedure, served upon Plaintiff Marc Guisinger, individually and as Class Representative of the Class certified by the Court on February 19, 2026 (Dkt. No. 107), an Offer of Judgment to allow judgment to be entered against Defendant and in favor of Plaintiff and the Class as set forth in the Offer of Judgment (Dkt. No. 182-1), which is attached hereto as **Exhibit A**;

JUDGMENT

**WHEREAS**, on June 4, 2026, Plaintiff and the Class served and filed a timely and written Notice of Acceptance of Defendant's Offer of Judgment, which is attached hereto as **Exhibit B**, and subsequently filed the Offer, Notice of Acceptance, and Proof of Service with this Court pursuant to Rule 68(a) (Dkt. No. 182); and

**WHEREAS**, the Clerk of the Court is required under Rule 68(a) to enter judgment upon the filing of the offer, notice of acceptance, and proof of service as set forth in the Offer of Judgment;

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that:

1.      Judgment is hereby entered in favor of Plaintiff Marc Guisinger and each class member ("Class Member") of the Class that has not opted out of the certified class as of June 22, 2026 ("the Judgment Class"), and against Defendant Keystone, pursuant to Federal Rule of Civil Procedure 68.

2.      Keystone will pay up to the total amount of three million one hundred and seven thousand dollars ($3,107,000.00) ("Maximum Judgment Amount") in full and final satisfaction of all relief sought in the operative Complaint by Plaintiff and the Class, including but not limited to damages, equitable relief, injunctive and declaratory relief, attorneys' fees, costs, expenses, interest, and any other amounts recoverable in this action accrued to the date of acceptance.

3.      The Maximum Judgment Amount shall be apportioned as follows:

a.      Each qualifying Class Member is eligible to receive a direct payment of two thousand dollars ($2,000.00) from the Maximum Judgment Amount pursuant to the Judgment Distribution Plan approved by the Court.

JUDGMENT

    b.    Twenty-five thousand dollars ($25,000.00) from the Maximum Judgment Amount shall be paid by Keystone to Plaintiff Marc Guisinger as a service award for serving as Class Representative.

    c.    Two million dollars ($2,000,000.00) from the Maximum Judgment Amount shall be paid by Keystone to Class Counsel for attorneys' fees and costs.

4.    Keystone shall arrange for the installation of solar panels, at no cost to Plaintiff Guisinger, on his 2017 Passport 199 MLWE Ultra Lite Grand Touring Travel Trailer (VIN: 4YDT19923HX415851), through an authorized Keystone dealer of Plaintiff Guisinger's choice.

5.    Keystone shall provide a report on the status of payment to the Class as set forth in the Judgment Distribution Plan.

6.    This Judgment resolves all claims asserted by Plaintiff Guisinger and the Class against Keystone in this action. Nothing in this Judgment constitutes an admission by Keystone of any fact or allegation relating to liability, which Keystone denies.

7.    The Court retains jurisdiction over the parties and this action for purposes of enforcing the terms of this Judgment.

8.    This Judgment is effective June 4, 2026, the date the Offer of Judgment was accepted.

9.    The Clerk of the Court is directed to close this case.

Dated: June 23, 2026        By: _____

                                Hon. Michelle Williams Court

JUDGMENT

# EXHIBIT A

NELSON MULLINS RILEY &
SCARBOROUGH LLP
Jahmy S. Graham (SBN 300880)
jahmy.graham@nelsonmullins.com
Rona Eli (SBN 326093)
rona.eli@nelsonmullins.com
Michael E. Seager (SBN 354564)
michael.seager@nelsonmullins.com
Two California Plaza
350 South Grand Avenue, Suite 2200
Los Angeles, CA 90071
Telephone:  424.221.7470
Facsimile:   279.202.2017

Attorneys for Defendant
KEYSTONE RV COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC GUISINGER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>KEYSTONE RV COMPANY,<br><br>                    Defendant. | Case No. 2:23-cv-01393-MWC-RAO<br><br>**DEFENDANT KEYSTONE RV COMPANY'S OFFER OF JUDGMENT PURSUANT TO <u>FED. R. CIV. P. 68</u>**<br><br>Assigned to Judge Michelle Williams Court<br><br><br>Complaint Filed:  02/23/2023<br>Trial Date:  06/29/2026 |

DEFENDANT KEYSTONE RV COMPANY'S OFFER OF JUDGMENT
PURSUANT TO <u>FED. R. CIV. P. 68</u>

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Keystone RV Company ("Keystone") hereby offers to allow entry of judgment to be taken against it as follows:

1.     Judgment in favor of Named Plaintiff Marc Guisinger ("Plaintiff Guisinger") and each class member ("Class Member") that has not opted out of the certified class as of June 22, 2026 ("the Judgment Class");

2.     Keystone to pay up to the total sum of three million one hundred and seven thousand dollars ($3,107,000.00) ("Maximum Settlement Payment") in full and final satisfaction of all relief sought in the operative Complaint (including but not limited to damages, equitable relief, injunctive and declaratory relief, attorneys' fees, costs, expenses, interest, and any other amounts recoverable in this action, accrued to the date of acceptance of the offer), with the total Maximum Settlement Payment to be apportioned as follows:

i.     A direct payment of two thousand dollars ($2,000.00) ("Individual Settlement Payment") for each of the 541 members of the Judgment Class ("Qualifying Class Members") who currently own a Passport Western Edition travel trailer with wood trusses[1], that they purchased from a Keystone authorized dealership in California prior to December 1, 2019, with a Serial Number that sequentially ends after HX414101, ("Qualifying Trailers"), to be issued by Keystone directly to each Qualifying Class Member. Qualifying Class Members must submit proof of current ownership to Class Counsel, to be submitted to Keystone within 30 days from the date this Offer is fully executed and

---

[1] Class Members may confirm that they have a Qualifying Trailer with wood trusses by removing screws from a vent in the bathroom and conducting a visual inspection of the trusses. Such inspection can be completed in approximately 20-25 minutes, as demonstrated by Plaintiff Guisinger's own inspection. Any Class Member who has metal trusses is excluded from the Settlement Payment given they have no alleged damages as a matter of law.

1

DEFENDANT KEYSTONE RV COMPANY'S OFFER OF JUDGMENT PURSUANT TO FED. R. CIV. P. 68

filed with the Court. Keystone will mail the Individual Settlement Payment to the Qualifying Class Members with tracking to the most recent address on file for each Qualifying Class Member within thirty (30) days from the date of receipt of proof of ownership from Class Counsel. Keystone will make all reasonable, good-faith efforts to ensure the Individual Settlement Payments are received by the Qualifying Class Members. Keystone shall provide a report on the status of Individual Settlement Payments to the Court 90 days after the Individual Settlement Payments are issued pursuant to the terms of the Court's Approval Order. Individual Settlement Payments will be void after ninety (90) days. Monies from uncashed Individual Settlement Payments that are void after the ninety (90) day period are retained by Keystone

ii.    Twenty-five thousand dollars ($25,000.00) to Plaintiff Guisinger as a service award ("Service Award") for serving as Class Representative.

iii.    Two million dollars ($2,000,000.00) to Class Counsel for attorneys' fees and costs.

3.    At the conclusion of the approved deadlines, Keystone will provide a full accounting of the Individual Settlement Payments to the Court with a sworn declaration subject to the penalty of perjury to support a submission to the Court confirming compliance with the Approval Order. Keystone is responsible for all costs associated with issuing the Individual Settlement Payments pursuant to the Approval Order.

4.    Given Plaintiff Guisinger alleges solar panel installation was central to his motivation for purchasing his 2017 Passport 199 MLWE Ultra Lite Grand Touring Travel Trailer (VIN: 4YDT19923HX415851) (the "Subject Trailer"), Keystone will agree to have solar panels installed on the Subject Trailer at no cost to Plaintiff

2

DEFENDANT KEYSTONE RV COMPANY'S OFFER OF JUDGMENT PURSUANT TO FED. R. CIV. P. 68

Guisinger. Keystone will coordinate the installation with an authorized Keystone dealer of Plaintiff Guisinger's choice.

5.      Keystone is making this offer in order to conserve litigation resources, promote judicial economy, and for the purposes of compromising a disputed claim. Nothing in this offer should be deemed an admission by Keystone of any fact or allegation relating to its alleged liability, which Keystone denies as to Plaintiff Guisinger and the Class.

6.      This offer is conditioned on acceptance by the whole Judgment Class (*i.e.*, Plaintiff and each member of the certified class that has not opted out of the class as of June 22, 2026).

To accept this offer, Plaintiff and the Judgment Class must serve written notice of acceptance thereof within fourteen (14) days after being served with this offer. If this offer is not accepted within fourteen (14) days, Plaintiff and the Judgment Class may become obligated to pay Keystone's costs incurred after the making of this offer.

Dated:  June 1, 2026

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:  _____
Jahmy S. Graham
Rona Eli
Michael E. Seager

Attorneys for Defendant
Keystone RV Company

DEFENDANT KEYSTONE RV COMPANY'S OFFER OF JUDGMENT PURSUANT TO FED. R. CIV. P. 68